## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) GREAT LAKES INSURANCE SE f/k/a GREAT LAKES REINSURANCE (UK) PLC, a foreign corporation,<br><br>        Plaintiff,<br><br>v.<br><br>(1) JIM BALES d/b/a KING POINT RESORT, an individual; and<br>(2) LENDA ANDERSON-BALES, an individual,<br><br>        Defendants. | Case No. 22-CV-00447-TCK-SH |

## COMPLAINT

Plaintiff Great Lakes Insurance SE f/k/a Great Lakes Reinsurance (UK) PLC ("Great Lakes"), for its claims against Defendants Jim Bales d/b/a King Point Resort ("Bales") and Lenda Anderson-Bales ("Anderson-Bales") (collectively, "Defendants"), alleges and states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Great Lakes is a corporation organized and existing under the laws of Germany, with its office and principal place of business located in Germany, in the City of Munich.

2. Upon information and belief, Bales is an individual citizen of the State of Oklahoma that does business under the name, "King Point Resort," which business is located at Grand Lake O' the Cherokees in Delaware County, Oklahoma. Said business is therefore located in this judicial district.

3. Upon information and belief, Anderson-Bales is an individual citizen of the State of Oklahoma. Anderson-Bales is Bales' wife. Upon information and belief, the aforementioned King Point Resort is operated as some form of partnership between Bales and Anderson-Bales.

4. After being sued in a state court action pending in Delaware County, Oklahoma, Defendants placed Great Lakes on demand for defense and indemnity under a certain commercial general liability insurance policy. Great Lakes disputes that the insurance applies but is presently providing a defense to Defendants under a reservation of rights.

5. The facts underlying the state court action – specifically, damages allegedly suffered by third parties as a result of an alleged failure on the part of Defendants to disclose flooding that occurred on a rental property within the five (5) years immediately preceding the date of the Rental Agreement – occurred in Delaware County, State of Oklahoma. The events giving rise to this Complaint, and the location of the business involved, make venue proper in this Court.

6. There is a real and justiciable controversy between the parties whereby Great Lakes asks this Court to inquire into and declare the rights and obligations of the parties as it pertains to coverage under a certain commercial general liability insurance policy. *See* 28 U.S.C. § 2201; Fed. R. Civ. P. 57.

7. This Court has jurisdiction because: (1) Great Lakes is a citizen of a foreign state; (b) Bales and Anderson-Bales are citizens of Delaware County, State of Oklahoma; and (c) the amount in controversy allegedly exceeds $75,000.00, exclusive of interest and

costs. *See* 28 U.S.C. § 1332(a)(2).  As to the amount in controversy, the probable costs of defense and indemnification of the underlying litigation described below must be taken into account.  Upon information and belief, said costs will likely exceed $75,000 in the event Great Lakes continues to provide a defense to Defendants therein under a reservation of rights.

## FACTUAL BACKGROUND

8. On July 8, 2022, Claimants Lynwood Moore and Mary Lou Moore ("Claimants") filed suit in the District Court of Delaware County, Oklahoma, Case No. CJ-2022-124 (the "Litigation") against the following defendants: (1) James Robert Bales; (2) Lenda Anderson-Bales; and (3) King Point Resort.  Claimants have alleged that these defendants failed to disclose flooding of a mobile home lot located near Grand Lake, Oklahoma when they executed a Rental Agreement (the "Lease") with Claimants for said lot.  On the face of their Petition, Claimants seek statutory damages "in excess of $10,000" pursuant to 41 O.S. § 113a(A), which authorizes recovery of "personal property damages sustained by the tenant from flooding of the premises." *Ex. 1, State Court Petition.*  However, as noted above, the probable costs of defense against and indemnification of Claimants' claims will likely exceed $75,000 in the aggregate.

9. Claimants' claims arise out of damages they claim they suffered as a result of flooding in the mobile home they were living in which was situated on the lot being rented to them at the time by Defendants.

10. Defendant Anderson-Bales was served with Claimants' Petition on July 16, 2022, in Grove, Oklahoma.  The date Bales was served is currently unknown to Great

Lakes, but an Answer was filed on behalf of all Defendants on August 18, 2022. Great Lakes is continuing to provide a defense in the Litigation under a reservation of rights.

## THE POLICY

11. Great Lakes issued commercial general liability insurance policy No. GLG020514 (the "Policy") to "Bales, Jim dba King Point Resort" for the policy period of March 15, 2018 to March 15, 2019.

12. The Policy provides three coverages: (1) Coverage A for "Bodily Injury and Property Damage Liability;" (2) Coverage B for "Personal and Advertising Injury Liability;" and (3) Coverage C for "Medical Payments." The underlying Litigation does not make any claims for damages arising out of "bodily injury" liability, "personal injury" liability, "advertising injury" liability, or "medical payments" liability.

13. The Policy applies, if at all, only to the extent the underlying Litigation purports to make claims under the "property damages" provision of Coverage A of the Policy.

14. Generally speaking, and subject to exclusions addressed below, coverage is provided under the "property damage" provisions of Coverage A when: (1) the Insured (2) becomes legally obligated to pay (3) property damage to which the insurance applies that occurs during the policy period and (4) which is caused by an occurrence that occurred in the coverage territory. Under the Policy, Great Lakes has a duty to pay those sums that its insured(s) become legally obligated to pay as damages because of property damages to which the Policy applies but has no duty to pay for property damages to which the Policy does not apply.

15. Great Lakes acknowledges that the defendants in the underlying Litigation, including Defendants in this lawsuit, will likely satisfy the definition of insureds under the Policy, as Bales is a named insured and Anderson-Bales is his wife.

16. However, the underlying Litigation's factual predicate, even if true (which Great Lakes does not concede at this juncture), does not meet the definition of "occurrence" as defined by the Policy. An occurrence is defined under the Policy to mean "an accident, including continuous or repeated exposure to substantially the same general condition." Under analogous circumstances, at least one court examining this very definition of occurrence has concluded that the definition is not satisfied when the claim at issue involves an alleged misrepresentation (whether intentional or negligent) as to whether certain real property was within a 100-year flood plain. *See Everson v. Lorenz,* 2005 WI 51, 695 N.W.2d 298, 304-305 (citing cases).

17. Here, the sole basis for the underlying Litigation is that Defendants allegedly did not disclose that the lot rented by Claimants had flooded on multiple occasions in the five-year period before the Lease was executed. While they seek "personal property damages," they do not identify what personal property was allegedly damaged, when it was allegedly damaged, or what caused it. Accordingly, there is no basis to conclude that the definition of occurrence has been satisfied.

## COUNT I – DECLARATORY RELIEF

Great Lakes incorporates and restates each and every allegation above as though set forth fully herein.

18. Great Lakes seeks a declaration as to its duties and obligations under the Policy, if any, with respect to the underlying Litigation.

19. Defendants' request for insurance coverage as it pertains to the underlying Litigation is precluded in its entirety under the Policy. Great Lakes requests the following declarations by the Court:

a. There is no coverage under the Policy for any of the claims asserted in the Litigation, because the underlying Litigation's factual predicate, even if true (which Great Lakes does not concede at this juncture), does not meet the definition of "occurrence" as defined by the Policy.

## PRAYER FOR RELIEF

WHEREFORE, Great Lakes prays the Court enter judgment in this matter declaring:

a. The Policy does not provide Defendants coverage for any claims asserted or potential damages awarded against Defendants in the underlying Litigation;

b. Great Lakes has no obligation or duty to defend, indemnify or otherwise make any payments to or on behalf Defendants regarding the claims asserted or damages awarded against Defendants in the underlying Litigation; and

c. Such other and further relief to which Great Lakes may be entitled at law or in equity.

Respectfully submitted,

*s/ Greg A. Castro*
Greg A. Castro, OBA # 11787
C. Eric Shephard, OBA # 22299
FELLERS, SNIDER, BLANKENSHIP,
　BAILEY & TIPPENS, P.C.
100 North Broadway Avenue, Suite 1700
Oklahoma City, OK 73102-8820

        Telephone:  (405) 232-0621
        Facsimile:  (405) 232-9659
        Email:  gcastro@fellerssnider.com
          eshephard@fellerssnider.com

***Attorneys for Plaintiff***

#06761/892440